UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **VAUGHN JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:18-cv-02114-RDP-JHE |
| | ) |
| **WILLIAM BARR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION**

The Magistrate Judge filed a report on June 5, 2020, recommending this action be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to 8 U.S.C. § 1252. (Doc. # 35). The Magistrate Judge further recommended that, in the alternative, this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted to the extent the plaintiff seeks relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (*Id.*). On June 24, 2020, Plaintiff filed objections to the report and recommendation. (Doc. # 36).

Plaintiff objects to the Magistrate Judge's conclusion that this court lacks subject-matter jurisdiction over this action. (Doc. # 36 at 7). Plaintiff claims this court has jurisdiction to grant his requested relief under 8 U.S.C. § 1252(g). (*Id.* at

7, 9, 10). Plaintiff further argues that he is entitled to relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (*Id*. at 4-5, 11-18).

Plaintiff expressly "seeks an order declaring he should not have been subject to . . . [u]nlawful ICE detainers, [d]etention order, Notice to Appear, order of removal and deportation" and that these actions were "unconstitutional." (Doc. # 36 at 7). However, on its face, Section 1252(g) of the Immigration and Nationality Act (INA) deprives this court of subject-matter jurisdiction to hear Plaintiff's challenges. That section provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The statute also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the *sole and exclusive means for judicial review of an order of removal*." 8 U.S.C. § 1252(a)(5) (emphasis added). The Eleventh Circuit has explained:

> Section 1252(g) is unambiguous: it bars federal courts' subject-matter jurisdiction over any claim for which the "decision or action" of the Attorney General (usually acting through subordinates) to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim.

*Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013).

In *Gupta*, the Eleventh Circuit held that "[s]ecuring an alien while awaiting [his removal hearing] constitutes an action taken to commence proceedings." *Id.* at 1065. Gupta, a removable alien, brought a *Bivens* action, arguing federal agents "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him." *Id.* The Eleventh Circuit found that Section 1252(g) barred the court from reaching the merits of those claims. *Id.* at 1065-66. *See also Alvarez v. U.S. Immigration and Customs Enforcement*, 818 F.3d 1194, 1203-04 (11th Cir. 2016) (concluding that Section 1252(g) foreclosed a detainee's challenge to the methods ICE used to detain him prior to his removal hearing). Thus, this court does not have jurisdiction to address the merits of the plaintiff's constitutional claims as they relate to his detention prior to removal.[1]

Similarly, to the extent Plaintiff requests that this court declare the removal order unlawful (Doc. # 36 at 5), this court is without jurisdiction to entertain any application seeking review, reopening, or reconsideration of an order of removal. *See* 8 U.S.C. § 1252(e); *Ivantchouk v. U.S. Att'y Gen.*, 417 F. App'x 918, 920-21 (11th Cir. 2011) ("no court may enter declaratory, injunctive, or other equitable

---

[1] Plaintiff argues that he is a United States citizen and was wrongfully deported. (Doc. # 36 at 3, 15). On July 18, 2018, the United States Court of Appeals for the Ninth Circuit denied the plaintiff's request to reopen the Board of Immigration Appeals' order denying his claim of United States citizenship. Order, *Johnson v. Sessions*, No. 17-71005 (9th Cir. July 18, 2018), ECF No. 95. On August 14, 2018, the Ninth Circuit issued a formal mandate stating that the judgment of July 18, 2018, was to take effect the same day and that the temporary stay of removal was lifted. Mandate, *Johnson v. Sessions*, No. 17-71005 (9th Cir. Aug. 14, 2018), ECF No. 102.

relief pertaining to a removal order"). For all these reasons, and after careful review, Plaintiff's objections are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED**, and the recommendation is **ACCEPTED** to the extent the Magistrate Judge recommends dismissal of this action for lack of subject-matter jurisdiction pursuant to 8 U.S.C. § 1252. Because this court lacks jurisdiction over this action, the court does not reach the Magistrate Judge's alternative recommendation that the court dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted to the extent Plaintiff seeks relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). By separate order, the court will dismiss this action without prejudice for lack of subject-matter jurisdiction and deny as moot Plaintiff's pending motions to suppress, compel, and show cause (Docs. # 31, 33, 34).

**DONE** and **ORDERED** this July 8, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE